**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| STANISLAWA GRABIAS, | ) | Bankruptcy No. 15 B 09661 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| DAVID P. LEIBOWITZ, Chapter 7 Trustee for the Estate of Stanislawa Grabias, | ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 15 A 00773 |
| | ) | |
| v. | ) | |
| | ) | |
| STANISLAWA GRABIAS, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON TRUSTEE'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
ON COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

~~David P. Leibowitz ("Trustee"), not individually but as the chapter 7 trustee of the bankruptcy estate of Stanislawa Grabias ("Debtor"), hereby submits the following proposed~~ *The Court hereby makes and enters the following* findings of fact and conclusions of law in support of his request, pursuant to Federal Rule of Civil Procedure 55(b)(2) (applicable herein by virtue of Bankruptcy Rule 7055) and Local Bankruptcy Rule 7055-2, for entry of default judgment on the Trustee's Complaint Objecting to Debtor's Discharge Pursuant to sections 727(a)(2) and (a)(4) of the Bankruptcy Code.[1]

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

## FINDINGS OF FACT

1. Debtor filed her voluntary chapter 7 petition on March 18, 2015 (the "Petition Date").

2. On October 15, 2015, the Trustee filed a complaint objecting to Debtor's discharge pursuant to §§ 727(a)(2) and (a)(4) of the Bankruptcy Code (the "Complaint"). He obtained issuance of the summons the same day.

3. In accordance with Bankruptcy Rule 7004(b)(1) and (g), the Trustee served the Complaint, together with the Summons, on Debtor and Debtor's bankruptcy counsel on October 15, 2015, via first-class United States mail, postage fully pre-paid.

4. Pursuant to Bankruptcy Rules 7012(a) and 9006(a), Debtor had thirty days after issuance of the Summons, i.e., to and including November 16, 2015, to answer or otherwise plead to the Complaint.

5. Debtor did not file an answer or other responsive pleading. Accordingly, on December 7, 2015, the Trustee filed a motion (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), applicable herein by virtue of Bankruptcy Rule 7055, requesting entry of an order of default based on Debtor's failure to respond to the Complaint and a default judgment denying her discharge. Appended to the Motion was the Trustee's Declaration Regarding Military Service, certifying that Debtor is not currently on active duty in any branch of the armed forces of the United States. Also appended to the Motion was the Trustee's declaration concerning the filing and service of the Complaint and Debtor's failure to answer, which also contained averments concerning the truth of the Complaint's allegations.

6. On December 14, 2015, the Court entered an order of default, and the facts alleged in the Complaint, including those set forth below, were deemed admitted by Debtor by virtue of her failure to deny the Complaint's allegations. *See* Fed.R.Civ.P. 8(b)(6).

7. Debtor, in her response to question no. 12 of the Statement of Financial Affairs ("SOFA"), stated that she maintained a safe deposit box at PNC Bank. Debtor further stated on oath, in response to question 12, that the box merely contained "documents."

8. In her Schedule B ("Personal Property"), Debtor listed "None" for "Cash on hand," and she listed a total of $965 in bank accounts.

9. On August 17, 2015, the Trustee's motion for court authorization to access Debtor's safe deposit box was granted, and an order was entered requiring PNC Bank to provide access to the Trustee.

10. On August 28, 2015, the Trustee traveled to the PNC Bank branch located at 4350 North Harlem Avenue, in Norridge, Illinois, and the Bank caused Debtor's safe deposit box to be drilled open. Inside, the Trustee found $30,000.00 in cash.

11. Debtor failed to disclose the existence of the $30,000.00 cash asset in any of the papers that she filed under oath with this Court or in either of the examinations conducted by the Trustee under § 341 of the Bankruptcy Code or pursuant to Bankruptcy Rule 2004.

## CONCLUSIONS OF LAW

1. Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28

U.S.C. §§ 1408 and 1409. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

2. "Upon default, all well-pled facts in the complaint are deemed admitted." *In re Smith*, 280 B.R. 436, 441 (Bankr. N.D.Ill. 2002) (*citing Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, entry of a default judgment does not automatically result after default. *Id.* (*citing Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). The grant of a motion for entry of a default judgment lies within the sound discretion of the trial court. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). Here, the plaintiff must show at least *prima facie* facts meeting the legal requirements for denial of discharge. *See, e.g., In re Liebl*, 434 B.R. 529, 536 (Bankr. N.D.Ill. 2010); *In re Zecevic*, 344 B.R. 572, 576 (Bankr. N.D.Ill. 2006).

3. Under section 727(a)(4)(A) of the Bankruptcy Code, a debtor is not entitled to a discharge if she knowingly and fraudulently made a false oath or account in connection with the case. In order to obtain relief under this provision, a creditor must establish that (1) the debtor made a statement under oath, (2) the statement was false, (3) the debtor knew the statement was false, (4) the statement was made with fraudulent intent, and (5) the statement related materially to the bankruptcy case. *In re Holstein*, 272 B.R. 463, 476 (Bankr. N.D.Ill. 2001). The debtor's petition, schedules, and statement of affairs, as well as her testimony at the meeting of creditors, are statements under oath for these purposes. *See In re Baker*, 205 B.R. 125, 130 (Bankr. N.D.Ill. 1997). The determination whether a false oath has been made is a question of fact, and the requisite knowing and fraudulent intent may be inferred from the facts and circumstances. *Holstein*, 272 B.R. at 477. The intent requirement may also be satisfied if there is a reckless disregard for or indifference to the truth. *Id.* Finally, a matter is material for purposes of this

provision if it bears a relationship to the debtor's business transactions or estate or leads to the discovery of assets, business dealings, or existence or disposition of property. *Id.*

4. Debtor's false statements and omissions under oath in her bankruptcy schedules and SOFA and in her testimony at the meeting of creditors and the Rule 2004 examination include: (i) her statement in response to question no. 12 of the SOFA that her safe deposit box contained only "documents," (ii) her statement in Schedule B that she had no cash on hand, and (iii) her failure to disclose the existence of the $30,000.00 in cash upon the Trustee's inquiry concerning her assets at her examinations under oath.

5. It is clear from the facts and circumstances that Debtor made the foregoing statements and omissions with fraudulent intent, knowing they were false or with reckless disregard for the truth.

6. These statements and omissions concerning a $30,000.00 asset otherwise available for creditors related materially to Debtor's bankruptcy case.

7. Accordingly, Debtor's discharge will be denied pursuant to §727(a)(4) of the Bankruptcy Code.

8. Pursuant to § 727(a)(2) of the Bankruptcy Code, a debtor's discharge should be denied if the debtor, (A) with the intent to hinder, delay, or defraud a creditor or an officer of the estate has (B) transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, (C) (i) property of the debtor within one year before the filing of the petition or (ii) property of the estate after the filing of the petition.

9. The $30,000.00 in cash found in Debtor's safe deposit box constitutes property of the bankruptcy estate under § 541 of the Bankruptcy Code.

10. It is clear from the facts and circumstances that Debtor knowingly and willfully failed to disclose the existence of the $30,000.00 cash asset in any of the papers that she filed under oath with this Court or in either of the examinations conducted by the Trustee.

11. Debtor, with the intent to hinder, delay or defraud her creditors and the Trustee, concealed her ownership of the $30,000.00 cash in the safe deposit box after the filing of the petition herein.

12. Accordingly, Debtor's discharge will be denied pursuant to §727(a)(2) of the Bankruptcy Code.

**WHEREFORE**, David P. Leibowitz, chapter 7 trustee of the estate of Stanislawa Grabias, respectfully requests that the Court adopt the foregoing proposed findings of fact and conclusions of law and enter the default judgment order previously submitted herein denying the Debtor's discharge pursuant to §§ 727(a)(2) and (a)(4) of the Bankruptcy Code.

Dated: December 30, 2015

Respectfully submitted,

**DAVID P. LEIBOWITZ, not individually but solely as the chapter 7 trustee for the estate of Stanislawa Grabias**

By: /s/ David P. Leibowitz

David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
Phone: 847.249.9100
Facsimile: 847.249.9180

Enter:

U S Bankruptcy
Judge

Jan 4, 2016
JAN 04 2016